Filed 10/31/25  P. v. Foldgers CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B339258 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XNOMA072186-02) |
| v. | |
| DELVON FOLDGERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Reversed with directions.

Keilana Truong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Delvon Foldgers appeals an order partially denying his request for resentencing pursuant to Penal Code[1] section 1172.75.  We reverse the order because Foldgers was entitled to have the court consider his eligibility for relief under Assembly Bill No. 333.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 16, 2018, Foldgers pleaded no contest to assault with a semiautomatic firearm in violation of section 245, subdivision (b) and two counts of second degree robbery in violation of section 211.  He also admitted that the assault and one of the robberies were committed for gang purposes within the meaning of section 186.22, subdivisions (b)(1)(B), (C) and that he personally used a firearm in violation of sections 12022.53, subdivision (b) and 12022.5, subdivision (a).  He admitted a prior "strike" conviction within the meaning of sections 1170.12, 667, subdivisions (b)–(j) and a prior prison term within the meaning of section 667.5, subdivision (b).

On October 17, 2018, the trial court sentenced Foldgers to an aggregate term of 40 years in prison.  The sentence included 10-year and 20-month gang enhancements and a one-year prior prison term enhancement.

In 2022, the California Department of Corrections and Rehabilitation identified Foldgers as an individual who had been sentenced to a now-invalid one-year prior prison term enhancement.  On April 12, 2024, Foldgers filed a motion for recall and modification of sentence.  On June 18, 2024, the People filed opposition to the motion.  On June 21, 2024, the trial court

---

[1]     Undesignated statutory references are to the Penal Code.

2

struck the one-year prior prison term, acknowledged it had the discretion to grant a full resentencing, but declined to exercise its discretion to further reduce Foldgers's sentence. Foldgers was resentenced to 39 years. His new sentence still includes the 10-year and 20-month gang enhancements. Notably neither Foldgers nor his counsel asked the trial court to determine whether the gang enhancements were still valid given the passage of Assembly Bill No. 333. This appeal followed.

## DISCUSSION

I.    **Section 1172.75 Resentencing Renders Foldgers's Judgment Non-Final**

Foldgers entered the world of non-final judgments when he was returned to the trial court under section 1172.75 for recall and resentencing. Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institution Code is legally invalid." (§ 1172.75, subd. (a).) The Department of Corrections and Rehabilitation must notify the trial court of any person serving a prison term that includes a section 667.5 enhancement. Once the trial court verifies the current judgment includes the enhancement, "the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) When resentencing the defendant, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2);

3

*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276 [section 1172.75 requires a full resentencing, not merely that the trial court strike the newly "invalid" enhancements].)  By the plain language of the statute, Foldgers was entitled to be considered for any legislative enactments that might provide for a reduction of sentence.

## II.     Assembly Bill No. 333 Applies Retroactively to Non-Final Judgments.

Case law also entitles Foldgers to a full resentencing with consideration given to his eligibility for ameliorative legislative benefits.  In the criminal law context, when ameliorative legislation goes into effect, we generally presume the Legislature intends the benefits of the new enactment to apply as broadly as constitutionally permissible to all non-final cases.  (*In re Estrada* (1965) 63 Cal.2d 740, 745 (*Estrada*).) For purposes of *Estrada*, the test for finality is "whether the criminal prosecution or proceeding as a whole is complete." (*People v. Esquivel* (2021) 11 Cal.5th 671, 679.)  The meaning of finality in the *Estrada* context is distinct from the issue of whether a judgment is final for purposes of appealability.  (*Ibid*.)

In *People v. Lopez* (2025) 17 Cal.5th 388, the Supreme Court was called upon to determine whether a judgment, or part of it, becomes final for *Estrada* purposes based on an appellate court's affirmance of a conviction, while sentencing issues remain pending before the superior court following remand.  It held that a criminal case in which the sentence is not yet final, including one in which an appellate court has affirmed the conviction and remanded for reconsideration of sentencing-related issues, is not final for purpose of *Estrada*, and the retroactive application of the

4

benefit of supervening ameliorative legislation.  (*Lopez,* at pp. 392–393.)

In 2021, the Legislature passed Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333), enacting the STEP Forward Act of 2021.  (Stats. 2021, ch. 699, § 1.)  "Assembly Bill 333 made the following changes to the law on gang enhancements.  First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.'  (§186.22, subd. (f), italics added.)  Second, whereas section 186.22, former subdivision (f), requires only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang.  (§ 186.22, subd. (f), italics added.)  Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (l) the last offense used to show a pattern of criminal gang activity occurred within three years of the date that the currently charged offense is alleged to have ben committed; (2) the offenses were committed by two or more gang 'members,' as oppose to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense.  (§ 186.22, subd. (e)(1), (2).)  Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.'  (§ 186.22, subd. (g).)"  (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.)

Assembly Bill 333 took effect on January 1, 2022 and is considered ameliorative legislation.  (*Lopez, supra*, 17 Cal.5th at

5

p. 397; *People v. E.H.* (2022) 75 Cal.App.5th 467, 477.)  In *Lopez* the California Supreme Court held that Assembly Bill 333 applies to cases where a defendant is resentenced pursuant to section 1172.75, even where there was a negotiated plea agreement.  (*Lopez*, at p. 400.)  Here, both parties agree, as do we, that Foldgers was entitled to the benefit of Assembly Bill 333 because his judgment was not final when the court engaged in resentencing pursuant to section 1172.75.  They also agree, as do we, that the trial court should have considered the applicability of Assembly Bill 333 in the context of Foldgers's resentencing under section 1172.75, whether or not his counsel brought the issue to the attention of the court.  By its express language, section 1172.75 itself puts the onus on the trial court to "apply any other changes in law that reduce sentences."  (§ 1172.75, subd. (d)(2).)  Assembly Bill 333 is such a law and should have been addressed by the trial court.[2]

---

[2] We decline to address Foldgers's argument that the prosecution may not withdraw its assent to the plea agreement if the trial court indicates its intent to further reduce the sentence. We deem resolution of this question here premature.  Our Supreme Court initially granted review of this same question in *People v. Montgomery* but transferred the case back to the court of appeal in light of passage of Assembly Bill No. 2483 and the addition of section 1171.  (*People v. Montgomery* (2024) 100 Cal.App.5th 768, review granted May 29, 2024, S284662, review dism. Dec. 18, 2024; Stats. 2024, ch. 964, § 2, eff. Jan. 1, 2025.)  The court of appeal subsequently vacated its decision in *People v. Montgomery*, and remanded the matter back to the trial court for a resentencing hearing complying with section 1172.75, and noting section 1171 provides, in part, that in postconviction resentencing hearings, including those under section 1172.75, trial courts have "jurisdiction to modify every aspect of the

## DISPOSITION

The order is reversed and the matter is remanded with directions to the trial court to determine whether the gang sentencing enhancements meet the requirements of Assembly Bill 333.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

                                            STRATTON, P. J.

We concur:

WILEY, J.

RUBIN, J.[*]

---

defendant's sentence," and "[a]ny changes to a sentence shall not be a basis for a prosecutor or court to rescind a plea agreement." (*People v. Montgomery* (Jan. 14, 2025, A167813) [nonpub. opn.]; § 1171, subd. (c)(2), (3).)

[*] Retired Presiding Justice of the California Court of Appeal, Second District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.